UNIROYAL CHEMICAL CO., Kerite Company, Naugatuck Glass Company, Naugatuck Treatment Company, Unisys Corporation, Risdon Corp., BP Amoco, Coltec Indus. Inc., Cadbury Beverages Inc., Plaintiffs–Appellants,

v.

TOWN OF MIDDLEBURY, Town of Orange, Defendants–Appellees.

No. 04–6717–CV.

United States Court of Appeals, Second Circuit.

April 10, 2006.

Christopher P. McCormack, Pullman & Comley, LLC, Bridgeport, CT (Robert W. Allen, Timothy P. Jensen, Matthew A. Sokol, Tyler Cooper Alcorn, LLP, New Haven, CT, on the brief), for Plaintiffs–Appellants.

John B. Farley (Anne M. Catino, on the brief), Halloran & Sage LLP, Hartford, CT, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III, Chief District Judge.*

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Plaintiffs–Appellants appeal from a judgment of the United States District Court for District of Connecticut (Peter C. Dorsey, *Judge*), calculating the pre- and post-judgment interest on contribution owed by defendants to plaintiffs under § 113(f)(1) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9613(f)(1). We assume familiarity with the underlying facts and lengthy procedural history—especially this Court's most recent ruling on the merits of plaintiffs' CERCLA § 113(f)(1) contribution claims in *Goodrich Corp. v. Town of Middlebury*, 311 F.3d 154 (2d Cir.2002).

The plaintiffs protest the district court's pre-judgment interest calculation, arguing that the court did not credit them with the interest component of their response costs and at the same time failed to attribute any portion of the settlement funds received to an interest factor, with the consequence of understating the net response costs not covered by settlement. The problem with this argument is that it is addressed to the issue of the defendants' proper share of response costs, and not to the interest assigned to them by virtue of their proper share of the liability. With regard to the pre-judgment interest, on the assumption that the defendants' proper share of response costs was correctly calculated, we see no error in the manner in which the district court determined the interest.

Plaintiffs' challenge to the district court's post-judgment interest calculation concerns the effect of the district court's grant of defendants' motion to deposit funds in the district court registry under Rule 67 of the Federal Rules of Civil Procedure. The district court set forth its method of calculation of post-judgment interest and the total amount of post-judgment interest owed by defendants to plaintiffs in its August 14, 2004 ruling. Judgment entered on this ruling on November 22, 2004, which established the final amount of contribution plaintiffs could recover from defendants, inclusive of pre- and post-judgment interest. However, as confirmed at oral argument, the district court has not disbursed the money from the district court registry to the plaintiffs, nor has the district court taken into account the effect of the placement of the funds in the court registry in an interest-bearing account. Therefore, plaintiffs' arguments on the effect of Rule 67 on the calculation of the post-judgment interest are premature. This portion of the appeal is remanded to the district court for final calculation of post-judgment interest and disbursement of the funds from the court registry to plaintiffs. Once the district court finalizes the post-judgment interest calculation and disburses the money from the court registry, the parties are free to pursue appropriate appellate remedies.

For the foregoing reasons, we AFFIRM the district court's calculation of pre-judgment interest, and REMAND to the district court for further proceedings regarding post-judgment interest.